IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE ELDON CHARLTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-701-G |
| | ) |
| RANDY HARDING, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Clarence Eldon Charlton ("Petitioner"), a state prisoner appearing *pro se*,[1] has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1).[2] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). For the reasons set forth below, the undersigned recommends that the Court **DISMISS** this habeas Petition for lack of jurisdiction as a second or successive habeas petition filed without Tenth Circuit authorization. *See* 28 U.S.C. § 2244(b).

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

**I.      Screening**

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. As part of this initial review, the Court may examine whether it lacks jurisdiction over a habeas petition because it is a second or successive petition. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (holding that courts may *sua sponte* examine their own jurisdiction at any stage in a proceeding).

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

**II.     Procedural History**

Petitioner is a state inmate currently incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma. (Doc. 1, at 30); *see* Oklahoma Department of Corrections OK Offender, https://okoffender.doc.ok.gov/ (OK DOC #474078). Petitioner was convicted by a jury in Oklahoma County District Court of three counts of assault and battery with a dangerous weapon (Counts One, Four, and Five), one count of domestic abuse (Count Two), and one count of kidnapping (Count Three). (Doc. 1, at 1-3); *see*

Oklahoma County District Court, Case No. Case No. CF-2002-1166.[3]  Petitioner was sentenced to a term of forty-five years of imprisonment (Count One), a term of one year of imprisonment (Count Two), a term of twenty years of imprisonment (Count Three), a term of thirty years of imprisonment (Count Four), and a term of twenty-five years imprisonment (Count Five), with Counts One, Three, Four, and Five to run consecutively, and Count Two to run concurrently with Count One.  Oklahoma County District Court, Case No. Case No. CF-2002-1166.

As Petitioner acknowledges, (*see* Doc. 1, at 28-29; *id*. at Ex. 1), on May 2, 2006, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court, challenging his Oklahoma County conviction in Case No. CF-2002-1166.  *See Charlton v. Franklin*, Case No. CIV-06-486-M (W.D. Okla.) (Doc. 1, at 1).  Petitioner raised six rounds for relief, asserting:

(1) the trial court improperly admitted testimony regarding his other crimes, wrongs, or acts;

(2) the trial court violated his rights under the Fifth and Fourteenth Amendments when it admitted his confession without properly conducting a hearing under *Jackson v. Denno* and without properly instructing the jury;

(3) prosecutorial misconduct;

(4) his sentences were excessive;

---

[3] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2002-1166&cmid=1494456 (*Docket Sheet*) (last visited Oct. 9, 2024).  The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings.  *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

3

> (5)  the trial court abused its discretion by refusing to consider imposing concurrent sentences; and
>
> (6)  cumulative error.

*Id.* (Doc. 1, at 5-6). The court denied the petition on the merits. *Id.* (Docs. 26, 32). Subsequently, the Tenth Circuit denied a Certificate of Appealability and dismissed Petitioner's appeal. *Id.* (Doc. 43, at Ex. 1).

## III.  The Instant Petition

Petitioner filed the instant Petition on July 9, 2024. (Doc. 1, at 31). He challenges the same Oklahoma County conviction as he did in his first habeas petition. (*Id.* at 1). Petitioner lists three grounds for relief in the Petition. In Ground One, Petitioner appears to argue that his postconviction action in state court should not have been considered time-barred because of his "factual innocence."[4] (*Id.* at 5-16). In Grounds Two and Three, Petitioner asserts ineffective assistance of appellate counsel. (*Id.* at 17-24).

---

[4] Both the state district court and the Oklahoma Court of Criminal Appeals determined Petitioner's post-conviction action was untimely under Oklahoma law. (Doc. 1, at Ex. 4, at 6-10, 15-18). Petitioner describes events or circumstances to show the State inhibited his ability to file for relief including: the state trial court denied his request for a transcript, the State made it difficult for another inmate to raise a claim in post-conviction relief, he had difficulty using tablets to performing legal research, the Attorney General's office and the "Governmental Tort Claims Agency" did not assist him, and lockdowns affected the ability of inmates to perform legal research. (Doc. 1, at 7-14). He also contends the state should not be able to retroactively apply the state statute of limitations for post-conviction actions to his case. (*Id.* at 14).

### IV. Analysis

#### A. The Petition Is An Unauthorized Second or Successive Petition.

Because Petitioner previously challenged his state conviction under § 2254 in this Court, he needed to obtain authorization from the Tenth Circuit to file a second or successive § 2254 habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner has not provided any evidence that he sought permission to file a second or successive habeas petition, and a search of the Tenth Circuit's docket does not show any application from Petitioner for such permission. This Court therefore has no jurisdiction to entertain Petitioner's second or successive habeas corpus petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive [ ] 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

#### B. Transfer to The Tenth Circuit for Possible Authorization Is Not in the Interest of Justice.

When an action is filed in a court that lacks jurisdiction, the court "shall, *if it is in the interest of justice*, transfer such action or appeal to any other court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631 (emphasis added). Thus, a district court may either transfer an unauthorized second or successive § 2254 petition to the court of appeals if "it is in the interest of justice to do

so under § 1631, or it may dismiss the . . . petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252. Under the interest of justice analysis,

> factors warranting transfer rather than dismissal . . . include finding that the new action would be time barred, that the claims are likely to have merit, and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper.

*Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (internal quotation marks and citations omitted). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *In re Cline*, 531 F.3d at 1252.

Transferring this case to the Tenth Circuit is not in the interest of justice. Ground One seeks relief unavailable in a habeas action. While Petitioner argues his state post-conviction action was timely, "habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence." *Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024). Because the claim lacks merit, it would not be in the interest of justice to transfer it.

Grounds Two and Three do not meet the requirements for a second or successive application. Pursuant to 28 U.S.C. § 2244(b)(3)(C), "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]. *See Johnson v. Allbaugh*, 742 F. App'x 395, 396 n.2 (10th Cir. 2018) (noting the Tenth Circuit will grant authorization "only if [petitioner] is able to demonstrate that

6

he has new claims" that meet the statutory requirements under 28 U.S.C. § 2244(b)(2)(A)-(B)).

Under § 2244(b)(2), a court must dismiss any claims presented in a second or successive habeas corpus petition that were not presented in a prior petition unless:

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B)
  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "[A] recent discovery of facts is not sufficient to establish that a claim was previously unripe." *Dopp v. Martin*, 750 F. App'x 754, 757 (10th Cir. 2018). Indeed, the exception to the bar on second or successive petitions only "applies 'where the factual basis for a claim does not yet exist — not where it has simply not yet been discovered — at the time of a [petitioner's] first motion.'" *Id.* (quoting *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015)).

These exceptions do not apply to Grounds Two and Three. First, Petitioner cites no new principles of constitutional law underlying the ineffective-assistance-of-appellate-counsel claims he raises in the instant § 2254 habeas petition. (*See* Doc. 1). Petitioner stated he did not raise Ground One on direct appeal because *McQuiggin v. Perkins*, 569

7

U.S. 383 (2013), was not available to him when he filed his original habeas petition in 2006. (Doc. 1, at 7). Petitioner cites *McQuiggin* again in his discussion of Ground Three, implying again that he makes a claim of actual innocence. (*Id.* at 24). But "*McQuiggin* did not announce a new rule of constitutional law." *In re Everett*, 797 F.3d 1282, 1293 (11th Cir. 2015).

Second, the facts on which Petitioner relies in support of Grounds Two and Three were either actually known or discoverable by him when he filed his first habeas petition. In support of Ground Two – in which Petitioner asserts his appellate counsel should have argued the State did not prove each element of kidnapping – Petitioner cites the trial record (including the factual summary from the Report and Recommendation in Case No. CIV-06-486-M, which was supported by the trial transcript). (Doc. 1, at 19-20; *id.* at Ex. 1). This information was known to Petitioner prior to filing his first habeas action. And Petitioner does not supply any facts in support of Ground Three except to allege his appellate counsel failed to read the applicable statute. (Doc. 1, at 22-24). Petitioner's direct appeal preceded his first habeas action, so this too does not assist him in satisfying the requirements to file a second-or-successive petition.

Petitioner also references actual innocence, but a claim of actual innocence remains subject to the requirements of 28 U.S.C. § 2244(b)(2)(B). *See McQuiggin*, 569 U.S. at 395-96 ("Congress did not simply incorporate the [actual innocence and] miscarriage of justice exception into §[] 2244(b)(2)(B) . . . . Rather, Congress constrained the application of the exception. . . . Section 2244(b)(2)(B) limits the exception to cases in which 'the factual predicate for the claim could not have been discovered previously through the

8

exercise of due diligence,' and the petitioner can establish that no reasonable factfinder 'would have found [him] guilty of the underlying offense' by 'clear and convincing evidence.' Congress thus required second-or-successive habeas petitioners attempting to benefit from the miscarriage of justice exception to meet a higher level of proof ('clear and convincing evidence') and to satisfy a diligence requirement that did not exist prior to AEDPA's passage."); *Barrientez v. Martin*, 778 F. App'x 614, 616 (10th Cir. 2019) ("In enacting the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Congress adopted a stringent actual-innocence exception in the context of second and successive habeas petitions, requiring both undiscoverability, [28 U.S.C.] § 2244(b)(2)(B)(i), and 'clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense,' § 2244(b)(2)(B)(ii)."). According to Petitioner, "the new reliable evidence" in support of his actual innocence is statements made by Sandra Carter, a victim of the underlying crimes. (Doc. 1, at 16). Two of statements predate the first habeas action. (Doc. 1, at Ex. 3; *id.* at Ex. 4, at 1-4). In a third statement to the Pardon and Parole Board dated January 12, 2011, Ms. Carter argued Petitioner's sentence was too harsh. (*Id.* at Ex. 2). She asserted that Petitioner did not kidnap her or her daughter because Petitioner only told her to get in a car with him and she had signed a form giving Petitioner permission to pick up her daughter at school. (*Id.*) She also described her injuries. (*Id.*) These facts would have or could have been known to Petitioner prior to filing the first petition. As such, they do not satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B)(i).

Because the Petition does not meet the statutory requirements for the authorization of a second or successive petition, it would be a waste of judicial resources to transfer this case to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252. Thus, the Court should dismiss Petitioner's § 2254 habeas petition.

## V.     Recommendation and Notice of Right to Object

For the foregoing reasons, it is recommended that the Petition for a Writ of Habeas Corpus (Doc. 1) be **DISMISSED** for lack of jurisdiction as an unauthorized second or successive petition.

**Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by October 30, 2024**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 9th day of October 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE